UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | § | |
| **ERIC JAMES GARCIA,** | § | |
| 125A County Road 56 | § | Civil Action No. 26-1382 |
| Ohkay Owingeh, NM 87566 | § | |
| | § | Hon. |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **TODD BLANCHE,** | § | |
| in his official capacity as Acting Attorney | § | |
| General of the United States, | § | |
| | § | |
| and | § | |
| | § | |
| **DANIEL PATRICK DRISCOLL,** | § | |
| in his official capacity as the Director of | § | |
| the Bureau of Alcohol, Tobacco, Firearms | § | |
| and Explosives, | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT

Comes now Plaintiff, Eric James Garcia, by and through his undersigned counsel, and files this Complaint, and in support thereof states as follows:

**I.    Parties**

1.    Plaintiff is an American citizen domiciled in New Mexico. Plaintiff desires to purchase and possess ordinary firearms, such as handguns and rifles, for self-defense within the home and outside the home, and for recreational purposes such as hunting, including by open carry and concealed carry, but he is prevented from doing so by 18 U.S.C. § 922(g)(1).

1

2.      Defendant Todd Blanche is the Acting Attorney General of the United States and is sued in his official capacity. As Acting Attorney General, Defendant Blanche is responsible for executing and administering the laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

3.      Defendant Daniel Patrick Driscoll is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and is sued in his official capacity. As ATF Director, Defendant Driscoll is responsible for executing and administering firearms laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

## II.      Jurisdiction and Venue

4.      This court has subject matter jurisdiction over Plaintiff's claims against Defendants Blanche and Driscoll under 28 U.S.C. §§ 1331, 2201, and 2202.

5.      Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(A).

## III.     Factual Allegations

6.      Plaintiff desires to possess ordinary firearm, such as handguns and rifles, for self-defense both within the home and outside the home. Plaintiff sincerely desires to engage in recreational hunting, particularly on federal lands are open to hunting. Plaintiff desires to exercise his constitutional right to carry such a firearm both openly and concealed, in a manner that counts as possession in and affecting interstate commerce.

7.      Plaintiff desires to exercise his constitutional right to carry an ordinary firearm in the same manner and to the same extent that the Second Amendment permits ordinary American citizens to carry such a firearm.

8.      Plaintiff would exercise his right to carry such a firearm but for the federal firearm prohibition in 18 U.S.C. § 922(g)(1) and but for the credible and imminent threat of its enforcement

against him should he choose to do so. Plaintiff specifically wishes to carry firearms that are prohibited by § 922(g)(1), that is, Plaintiff does not wish only to possess antique firearms that may be excluded from the prohibition.

9. Federal law prohibits Plaintiff from possessing a firearm because of felony convictions for (1) knowingly engaging in conduct involving the sale of wildlife (*i.e.*, an illegal bear hunt) that occurred in October 2000; and (2) a domestic-violence incident that occurred in November 2001.

10. Plaintiff has never been convicted of any other crime punishable by imprisonment for a term exceeding one year or of any other crime that would, under federal law, result in a prohibition of his possessing a firearm.

11. Plaintiff has not, since his above-listed convictions, used, attempted to use, or threatened to use violence against another person.

12. Under 18 U.S.C. § 922(g)(1), Plaintiff's convictions make it unlawful for Plaintiff to "possess in or affecting commerce, any firearm or ammunition."

13. Under 18 U.S.C. § 922(d)(1), Plaintiff's convictions make it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to" Plaintiff, if such person knows or has reasonable cause to know of Plaintiff's convictions.

14. Plaintiff's possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is a felony punishable by a fine, imprisonment up to 15 years, or both under 18 U.S.C. § 924(a)(8).

15. With the exception of a full and unconditional presidential pardon, no other remedy exists through which Plaintiff may be excused from the prohibitions set forth above. Specifically, the discretionary remedy contemplated by 18 U.S.C. § 925(c) is not operational; there is no final rule to implement it; and, even if it were operational, any requirement that Plaintiff apply for relief

thereunder imposes a burden on Plaintiff's Second Amendment rights that Defendants cannot, consistent with the Second Amendment, impose. Moreover, the discretionary nature of § 925(c)'s relief makes it similar to the pardon power and thus insufficient to cure the Second Amendment injury imposed by § 922(g)(1).

16. Plaintiff is a member of "the people" as contemplated by the Second Amendment to the United States Constitution.

17. Natural-born United States citizens over the age of eighteen who have not committed a crime punishable by death or by life imprisonment without parole are, presumptively, members of "the people" as contemplated by the Second Amendment to the United States Constitution.

18. Prohibiting Plaintiff from possessing a firearm as set forth above is inconsistent with the historical tradition of firearm regulation in the United States.

## IV.    Claim for Relief

<u>**COUNT I**</u>
**Second Amendment to the U.S. Constitution as Applied to Plaintiff;**
**Declaratory Judgment Act**

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint.

20. 18 U.S.C. § 922(g)(1), as applied to Plaintiff, violates Plaintiff's fundamental, individual right to keep and bear arms under the Second Amendment to the United States Constitution.

21. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment against Defendants that 18 U.S.C. § 922(g)(1) violates his Second Amendment rights.

## V.    Prayer for Relief

Wherefore, based on the foregoing, Plaintiff respectfully requests that judgment be entered in his favor and against defendants as follows:

(1) Enter a declaratory judgment 18 U.S.C. § 922(g)(1), which operates to prohibit Plaintiff from obtaining or possessing a firearm due to his felony convictions, is unconstitutional under the Second Amendment as applied to Plaintiff;

(2) Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Plaintiff; and

(3) Award Plaintiff costs of suit, reasonable attorney's fees under 28 U.S.C. § 2412 or any other applicable statute, other expenses, and any other and further relief that the Court deems appropriate.

**Date:** April 23, 2026                                        Respectfully submitted,

/s/ Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal, PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
(202) 769-4080
kyle@hopwoodsinghal.com
*Attorney for Plaintiff*